IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADAM CLARK YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>CPT. DAN O'FALLON, MARK S. INCH, NATE JOHNS, MCKENZIE HANNAN, and BENEFIS HOSPITAL,<br><br>Defendants. | CV 18-00074-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Adam Young filed a Complaint pursuant to 42 U.S.C. § 1983 alleging his conditions of confinement at the Cascade County Detention Facility violated his constitutional rights and the Americans with Disabilities Act (ADA). Mr. Young's claims regarding housing state prisoners with federal prisoners and Defendants Inch, Benefis Hopsital, and Nate Johns will be recommended for dismissal. Defendant O'Fallon will be required to respond to Mr. Young's remaining claims. Defendant Hannan will be required to respond to Mr. Young's ADA claim.

## I.  STATEMENT OF THE CASE

### A.      Parties

Mr. Young is a state prisoner proceeding without counsel and in forma

1

pauperis.  He is currently incarcerated at Montana State Prison but was

incarcerated at the Cascade County Detention Center (CCDC) at all times relevant

to his Complaint.  (Complaint, Doc. 2.)

Mr. Young names the following Defendants: CCDC Administrator Captain

Dan O'Fallon, Director of the Federal Bureau of Prisons Mark Inch, Department

of Corrections ADA Coordinator McKenzie Hannan, Benefis Hopsital, and Nate

Johns.  (Doc. 2 at 5.)

### B. Allegations

Mr. Young makes the following allegations in his Complaint:

Mr. Young was involved in an altercation with a federal inmate, Ryan Old

Chief on January 26, 2017.[1]  Mr. Young alleges that Mr. Old Chief came at him

aggressively so Mr. Young punched Mr. Old Chief in the mouth splitting his

middle knuckle on his left hand.  Mr. Old Chief then told Mr. Young he was HIV

positive.  Mr. Young was cuffed up and taken to a visitation booth.  He alleges

Captain O'Fallon was aware that Mr. Old Chief was an aggressive, homosexual

federal inmate who had HIV and was known to bully other inmates but Captain

_____

[1]The Montana Department of Corrections website indicates Mr. Young's
sentence was pronounced January 17, 2017.  Accordingly, for purposes of this Order,
the Court will assume he was a convicted prisoner at all times relevant to the
Complaint.  See https://app.mt.gov/conweb/Offender/2029018.

O'Fallon failed to protect Mr. Young and other inmates from Mr. Old Chief.

Mr. Young alleges Captain O'Fallon failed to follow proper medical treatment and procedures by making Mr. Young wait approximately 45 minutes with no medical attention.  Mr. Young alleges that Captain O'Fallon then made him wait approximately three hours before seeing a doctor to have his hand stitched up.  The doctor directed the nurse to order antibiotics, x-rays, and an HIV test.  Mr. Young was then placed in solitary confinement where Mr. Young did not receive any antibiotics until three days after a serious infection developed.

Approximately four hours after he was placed in solitary confinement Mr. Young's left hand began to ache painfully and swell and the pain became unbearable.  Captain O'Fallon told Mr. Young that "nothing could be done."  Mr. Young could not regain his composure and was frantic and crying.  Captain O'Fallon stripped Mr. Young out and took the bandage from his left hand and placed him in the "rubber room" for the rest of the night.  The next morning, Mr. Young was taken to the infirmary for x-rays and an HIV test.  The x-ray technician took x-rays and determined that nothing was broken or fractured.  The x-ray technician asked if the nurse was testing for an infection because Mr. Young's hand looked infected.  She said she was not because the doctor had only ordered an HIV test.

Captain O'Fallon then took Mr. Young back to the rubber room and later that evening he was placed in solitary confinement.  While in solitary, Mr. Young's wound was constantly leaking pus and the pain was overwhelming.  He told this to the station officer and asked to see the doctor but Captain O'Fallon told him he would not call the infirmary.  Later, Mr. Young showed officers that the swelling was going up his arm and that pus was constantly draining from the wound but the officers told him that Captain O'Fallon said nothing could be done.

On the evening of January 28, 2017, Mr. Young showed officers that the swelling in his arm had traveled to his elbow, that pus was freely oozing from around the stitches, and there was a putrid smell coming from the pus.

On the morning of January 29, 2017, Mr. Young was transported to Benefis Hospital in Great Falls.  Mr. Young was diagnosed with cellulitus.  He was placed on IV fluids, antibiotics and morphine and prepped for surgery.

Mr. Young alleges that Captain O'Fallon failed to notify Mr. Young's emergency contact (his wife) and when his wife contacted the jail inquiring about Mr. Young, Captain O'Fallon told her Mr. Young was in trouble and could not use the phone.  He did not tell her that Mr. Young had been taken to the hospital.

Mr. Young argues he suffered unnecessary pain, serious infection, surgeries, permanent damage to his left hand and he has contracted HIV.

In Claim 2, Mr. Young alleges that Benefis Hospital failed to obtain proper information before treating Mr. Young.  He contends that Captain O'Fallon informed the Hospital that he had cut his hand and placed it into a toilet to induce an infection.  He argues this misinformation caused the Hospital to place Mr. Young on the wrong antibiotics which resulted in three additional surgeries.  It was only after these three additional surgeries that Dr. Miller asked him about his injury.  He alleges the Hospital did not obtain the proper paperwork regarding Mr. Young's injury.

Mr. Young left the Hospital after two weeks, five surgeries, and 37 stitches. He was told by Dr. Miller that he would likely never have full use of his left hand again.  Dr. Miller also told Mr. Young that he would need a lot of physical therapy which he did not receive.  He also claims that the Hospital allowed CCDC Officers to take pictures of Mr. Young's injury after each of the five surgeries which he contends is a violation of his HIPPA rights.

In Claim 3, Mr. Young alleges that Bureau of Prisons Director Mark Inch, Captain Dan O'Fallon, and Nate Johns failed to follow proper policies and procedures in failing to separate state and federal inmates at CCDC and as a result they failed to protect Mr. Young from a known aggressive inmate.

In Claim 4, Mr. Young alleges Captain O'Fallon and Department of

Corrections ADA Coordinator McKenzie Hannan failed to provide Mr. Young with reasonable accommodations under the Americans with Disabilities Act (ADA) by refusing to provide him with assistance to effectively exhaust the grievance process in violation of the Fourteenth Amendment and the ADA. Specifically, he alleges he was released from the Hospital on February 12, 2017 and returned to the Detention Center in a splint with 37 stitches up by his elbow on his left arm, down the back of his left hand, and halfway up his middle finger. Mr. Young is left-handed and was unable to write with his right hand. He was placed back in solitary confinement and was unable to seek assistance from other inmates. He requested grievance forms and when he finally received a grievance form it took several more days to get a pencil. He requested reasonable accommodations from Captain O'Fallon and Ms. Hannan to write his grievances pursuant to the ADA and was told he could use his teeth or feet. (Complaint, Doc. 2.)

## II.  INITIAL SCREENING

Mr. Young is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are

7

not entitled to the assumption of truth if they are "merely consistent with liability,"

or "amount to nothing more than a 'formulaic recitation of the elements' of a

constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between

probability and the possibility of relief where the facts pled are merely consistent

with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a

"plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the

factual allegations, which are accepted as true, "allow[ ] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

678. This inquiry is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but

it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*

Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

8

justice").

## III.  ANALYSIS

### A.  Housing State Inmates with Federal Inmates/Failure to Protect

Even if there is a Bureau of Prisons policy which prohibits the housing of state inmates with federal inmates, that is insufficient to state a violation of the United States Constitution.  There is no constitutional right which prohibits such housing.  As such, Mr. Young cannot state a federal constitutional claim based solely on the failure to separate federal inmates from state inmates.  As Defendants Inch and Johns were only named based upon an alleged failure to separate state and federal inmates at CCDC, they should both be dismissed.

### B.  Hospital

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Private hospitals and doctors are not generally considered state actors amenable to suit under § 1983.  *Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section"); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970-71 (7th Cir. 2016).  "[T]o show that a private action is in fact state action, the plaintiff must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (9th Cir. 1998) *vacated on other grounds by* 526 U.S. 1096 (1999); *see also West*, 487 U.S. at 54 (holding that a doctor employed part-time by the state acted under color of law when he treated inmates in a state prison). Nothing within Mr. Young's Complaint as pleaded, however, suggests that the Hospital was acting under color of state law.

Further, even if Mr. Young could establish that the Hospital was acting under color of state law, his claims against the Hospital fail as a matter of law. Mr. Young only alleges that the Hospital received inaccurate information from Captain O'Fallon regarding how Mr. Young received his injury.  To state an arguable section 1983 claim for failure to provide medical care, a prisoner must

10

allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements:  "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "'If a prison official should have been aware of the risk, but was not, then the

11

official has not violated the Eighth Amendment, no matter how severe the risk.' "
*Id.* (*quoting Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir.
2002) ). "A showing of medical malpractice or negligence is insufficient to
establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060.
"[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.*
(*citing Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ).

Here Mr. Young alleges that the Hospital received false information
regarding the nature of his injury and therefore he cannot establish that the
Hospital was aware of a risk of substantial risk of serious harm.  All claims against
the Hospital will be recommended for dismissal.

### C. Remaining Claims

The Court has considered whether Mr. Young's remaining claims are
frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a
defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also
considered whether Mr. Young has a reasonable opportunity to prevail on the
merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.
Defendant O'Fallon will be required to respond to Mr. Young's Eighth
Amendment claims of failure to protect claim, denial of medical care including
denial of treatment while at CCDC, providing false information to medical

12

providers, and failing to provide physical therapy, and his Fourteenth Amendment claim of failing to notify and providing false information to his wife.  Defendant O'Fallon and McKenzie Hannon as named in their official capacities will be required to respond to Mr. Young's ADA claim.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants O'Fallon and Hannon to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due

within 60 days of the entry date of this Order as reflected on the Notice of

Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. §

1997e(g)(2).

2. The Clerk of Court shall e-mail a copy of the documents listed below to

Legal Counsel for the Montana Department of Corrections and shall mail the

documents listed below to:

Joshua Racki                          Commander O'Fallon
Cascade County Attorney               Cascade County Detention Center
121 4th Street North #2A              3800 Ulm North Frontage Road
Great Falls, MT 59401                 Great Falls, MT 59404

    * Complaint (Doc. 2);
    * this Order;
    * a Notice of Lawsuit & Request to Waive Service of Summons; and
    * a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R.

12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to

give the Court information, such information must be presented in the form of a

14

notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Young <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Young must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Young's claims regarding housing state prisoners with federal prisoners should be DISMISSED.

2.  Defendants Mark Inch, Benefis Hopsital, and Nate Johns should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Young may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of November, 2018.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Young is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADAM CLARK YOUNG, | CV 18-00074-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| CPT. DAN O'FALLON, MARK S. INCH, NATE JOHNS, MCKENZIE HANNAN, and BENEFIS HOSPITAL, | |
| Defendants. | |

To:

| | | |
|---|---|---|
| Commander O'Fallon | Legal Counsel for the | Joshua Racki |
| Cascade County Detention Center | Montana Department of Corrections | Cascade County Attorney |
| 3800 Ulm N. Frontage Rd | P.O. Box 201301 | 121 4th Street North #2A |
| Great Falls, MT 59404 | Helena, MT 59620-1301 | Great Falls, MT 59401 |

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above.  A copy of the Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Bennett contained in the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 9th day of November, 2018.


   */s/ John Johnston*
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADAM CLARK YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> CPT. DAN O'FALLON, MARK S. INCH, NATE JOHNS, MCKENZIE HANNAN, and BENEFIS HOSPITAL, <br><br> Defendants. | CV 18-00074-GF-BMM-JTJ <br><br><br> RULE 4 WAIVER OF THE SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,       _____,

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2