IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADAM CLARK YOUNG,<br><br>         Plaintiff,<br><br>  vs.<br><br>CPT. DAN O'FALLON and RUSS<br>DANAHER,<br><br>         Defendants. | CV 18–00074–GF–BMM–JTJ<br><br><br>ORDER |

Plaintiff Adam Clark Young ("Young"), a pro se prisoner proceeding without counsel, filed a Complaint (Doc. 2) alleging that Defendants violated his rights under the American with Disabilities Act, and the Eighth and Fourteenth Amendments.

The Court's Scheduling Order of January 9, 2019, (Doc. 21) directed Young to file an initial disclosure statement within 60 days. (Doc. 21 at 1-3.) Young did not comply. On April 8, 2019, the Court again directed Young to file a disclosure statement within 30 days. (Doc. 30.) On April 5, 2019, Defendant Russ Danaher ("Danaher") filed a Motion for Summary Judgment (Doc. 26.) On April 22, 2019, Young filed a motion for appointment of counsel and a notice of address change. (Docs. 31 & 32.) The Court denied Young's request for counsel (Doc. 34.) Due to

Young's change of address, the Court again ordered him to file his disclosure statement and respond to Danaher's Motion for Summary Judgement by May 28, 2019. *Id.*

Nearly 40 days have elapsed since the Court last directed Young to file a disclosure statement and respond to Danaher's Motion for Summary Judgement. Young has failed to comply with the Court's Scheduling Order and has not responded to Danaher's Motion for Summary Judgement.

Magistrate Judge John Johnston entered his Finding and Recommendations in this matter on May 11, 2019. (Doc. 35.) Judge Johnston determined that based on Young's failure to comply with the Court's January 9, 2019, Scheduling Order and his failure to respond to Danaher's Motion for Summary Judgment this matter should be dismissed pursuant to Rule 41(b) of the Rules of Civil Procedure. *Id*. at 2. Young did not object to Judge Johnston's Findings and Recommendations.

Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). The Court finds no error in Judge Johnston's Findings and Recommendations.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 35) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Young's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 9th day of July, 2019.

Brian Morris
United States District Court Judge